WERNER & PFLEIDERER CORP., PLAINTIFF *v.* UNITED STATES, DEFENDANT

Court No. 90-06-00286

(Dated August 18, 1993)

*John H. Ogden,* General Counsel to Werner & Pfleiderer Corp., for plaintiff.
*Frank W. Hunger,* Assistant Attorney General, *Joseph I. Liebman,* Attorney in Charge, International Trade Field Office, Commercial Litigation Branch, Civil Division, United States Department of Justice *(Susan Burnett Mansfield), Karen P. Binder,* United States Customs Service, of counsel, for defendant.

## OPINION

RESTANI, *Judge:* Plaintiff Werner & Pfleiderer Corporation ("Werner") moves for summary judgment on the ground that for tariff purposes the United States Customs Service ("Customs") improperly classified merchandise imported by Werner. Werner claims that the merchandise should have been entered duty free as a previously imported good that was exported and then returned to the United States under a lease or similar use agreement or returned for failure to conform to specifications. Defendant cross-moves for summary judgment, alleging that plaintiff's merchandise does not fall under the special duty free provisions for certain types of reimported goods.

## FACTS

Plaintiff is the North American distributor of continuous processing equipment made by Werner & Pfleiderer GmbH, located in Stuttgart, Germany. In April 1987, the German company exported a machine known as a Continua 37 to the United States, and plaintiff paid customs duties in the amount of $3,899.24. *See* Affidavit of Michael Scudese and attached documents. In October 1987, plaintiff began negotiations for sale of the Continua 37 to Ogilvie Mills Limited ("Ogilvie") in Canada. After testing the machine in plaintiff's New Jersey laboratories, Ogilvie representatives decided that it was necessary to conduct further tests in Ogilvie's facilities in Quebec, Canada.

Werner exported the machine to Canada on March 1, 1988. The shipping invoice stated, "[t]hese items are property of Werner * * * on loan to Ogilvie Mills for a 5-week period for testing purposes, to be returned to the United States after that period." Affidavit of Michael Scudese, attached exhibit A. After performing several test runs in its Canadian facilities, Ogilvie concluded that the Continua 37 could not produce the desired product. Therefore, Ogilvie returned the machine to Werner in the United States.

Upon reimportation in November 1988, Customs declined to apply the duty free rate despite the notation on the entry form that "[t]hese items are the property of the consignee and were made available to

Ogilvie Mills for testing purposes and are now being returned." Affidavit of Michael Scudese, attached exhibit E. Instead, Customs assessed duties at a rate of 3.9% under item 678.35, Tariff Schedule of the United States ("TSUS"), which covers molding machines. Werner protested the classification decision. When its protest was denied, it appealed to this court, which has jurisdiction under 28 U.S.C. § 1581(a) (1988).

DISCUSSION

A motion for summary judgment shall be granted if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. USCIT Rule 56(d). Both parties agree that there is no genuine issue of material fact. Therefore, the only remaining question is whether either party is entitled to judgment as a matter of law.

To prevail on its motion for summary judgment, plaintiff must overcome the presumption that Customs properly classified the merchandise. See 28 U.S.C. § 2639(a)(1) (1988). Plaintiff claims that the merchandise should have been classified under item 801.00, TSUS, which mandates duty free entry for:

> [a]rticles, previously imported, with respect to which the duty was paid upon such previous importation * * * if (1) reimported, without having been advanced in value or improved in condition by any process of manufacture or other means while abroad, after having been exported under lease or similar use agreements, and (2) reimported by or for the account of the person who imported it into, and exported it from, the United States.

Item 801.00, TSUS (1987). Alternatively, plaintiff argues that the correct classification was under item 801.10, TSUS, also duty free, which encompasses

> [a]rticles, previously imported, with respect to which the duty was paid upon such previous importation if (1) exported within three years after the date of such previous importation, (2) reimported without having been advanced in value or improved in condition by any process of manufacture or other means while abroad, (3) reimported for the reason that such articles do not conform to sample or specifications, and (4) reimported by or for the account of the person who imported them into, and exported them from, the United States.

Item 801.10, TSUS (1987).

Defendant admits that duties were paid to Customs when the machine was previously imported and that Werner, the original importer, also exported and then reimported the machine. Defendant does not contest that the machine was not advanced in value or improved in condition while abroad. The two issues to be addressed are thus whether the machine was exported under a lease or similar use agreement and whether it was reimported because of failure to conform to specifications. If *either* of these conditions is satisfied, no duties will be assessed.

In interpreting the provisions relating to reimported goods, the court will bear in mind that the purpose of these provisions is "to eliminate

an assessment of duty which has the appearance of double taxation. Although double taxation is not[,] *ipso facto,* a defective or unconstitutional exercise of power, it is not a preferred result." *Atlas Copco, Inc. v. United States,* 10 CIT 790, 792, 651 F. Supp. 1446, 1448 (1986). The provision concerning goods exported under lease, in particular, is not "the sort of exemption from duties which must be narrowly construed." *Id.* at 793, 651 F. Supp. at 1448.

*Black's Law Dictionary* defines "lease" as, *inter alia,* "a contract by which one owning * * * property grants to another the right to possess, use and enjoy it for specified period of time in exchange for periodic payment." *Black's Law Dictionary* 889 (6th ed. 1990). Customs has in the past not required proof of periodic payments in order to find a lease to exist within the meaning of item 801.00, TSUS. It has ruled that a lease must be supported by consideration, although the consideration may be nominal and may consist of an act or a promise to act rather than a monetary amount. C.S.D. 79–287, 13 Cust. Bull. 1418, 1420 (1979). Customs' prior broad interpretation of the term "lease" is in accordance with the policy against double taxation. *See Atlas Copco,* 10 CIT at 792, 651 F. Supp. at 1448.

Consideration, one of the most basic concepts of contract law, is nothing more than the inducement to a contract. It can take the form of a benefit to the promisee or a detriment to the promisor. *See Black's Law Dictionary* 306. Plaintiff contends that Ogilvie's oral agreement to pay transportation costs constituted consideration. A supporting affidavit states, "[p]ayment by Ogilvie Mills Ltd. of all costs for transporting the machine to and from Montreal was in lieu of periodic lease payments." Plaintiff's Opposition to Defendant's Cross Motion for Summary Judgment and attached affidavit of Christopher Lane. An oral promise to pay is an adequate form of consideration. *See* Restatement (Second) of Contracts § 71 (1981) (consideration is a bargained for promise or performance); *see also* 13 Cust. Bull. at 1419–20 (ruling that either an oral or written lease may suffice for duty free treatment).

Defendant argues that payment of transportation costs did not induce the contract because Werner by its own admission agreed to "lend at no cost a Continua 37 * * * to Ogilvie." Defendant's Opposition to Plaintiff's Motion for Summary Judgment and Cross Motion for Summary Judgment, at 9–10. Defendant attempts to equate "at no cost" with "for no consideration." It is more reasonable to interpret "at no cost" as meaning without periodic lease payments. As indicated above, Customs has in the past not considered periodic payments to be a defining characteristic of a lease under item 801.00.

Even if the agreement is not a lease, it is a loan for temporary use, which is clearly a similar use agreement. Although a lease must be supported by consideration, a loan is "[a]nything furnished for temporary use to a person at his request, on condition that it shall be returned, or its equivalent in kind, with or without compensation for its use." *Black's*

*Law Dictionary* 936.[1] Defendant does not deny that the arrangements between plaintiff and Ogilvie may be characterized as a loan, but it argues that a loan cannot constitute a similar use agreement if the loan lacks the essential component of consideration.

Consideration is a necessary element of a valid contract such as a lease. *Black's Law Dictionary* 306. In contrast, "[a]lthough often used as synonymous with 'contract,' agreement is a broader term; *e.g.* an agreement might lack an essential element of a contract." *Id.* at 67. For example, a valid agreement and by extension a valid similar use agreement might lack consideration. To hold that a loan with consideration is a similar use agreement, whereas a loan without consideration is not, defies reason. The general definitions of loan and lease are identical except for the requirement of consideration. For these purposes, a loan with consideration is a lease. There would be no need to add the language concerning a similar use agreement if the drafters intended the provision to encompass nothing broader than a lease. *See Astoria Fed. Sav. & Loan Ass'n v. Solimino,* 111 S. Ct. 2166, 2172 (1991) ("we construe statutes, where possible, so as to avoid rendering superfluous any parts thereof.")

In the court's opinion, it is clear that the agreement between plaintiff and Ogilvie constituted either a lease or a similar use agreement. Thus, no purpose would be served by addressing the issue of return for failure to conform to specifications. The Continua 37 at issue in this case is entitled to duty free treatment under item 801.00, TSUS. Plaintiff's motion for summary judgment is granted and defendant's cross-motion for summary judgment is denied.

---

[1] The Customs ruling quoted above does not address the existence of a "similar use agreement," because those words did not appear in the version of TSUS in effect at that time. *See* 13 Cust. Bull. at 1419. The tariff schedules instead provided for a 0% rate of duty for reimported goods that had been "exported under lease to a foreign manufacturer." *Id.* (quoting item 801.00, TSUS).